**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2803-15T1

JENNINE DATTOLI,

    Plaintiff-Respondent,

v.

SCOTT A. DATTOLI,

    Defendant-Appellant.

_____

        Submitted May 4, 2017 - Decided  June 9, 2017

        Before Judges Whipple and Mawla.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Passaic
        County, Docket No. FM-16-1428-15.

        Scott A. Dattoli, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Defendant appeals from a default judgment of divorce filed
on January 21, 2016.  He urges reversal, arguing the trial judge
utilized the wrong income for him and awarded alimony greater than
warranted based on his actual earnings.  He asserts plaintiff

committed perjury during the default hearing when she testified defendant did not pay the family's expenses, portrayed the lack of a relationship between the parties' children and defendant, and misrepresented the number of parenting time overnights he enjoyed. Additionally, defendant argues the trial judge should be disqualified because he discussed his impending retirement with plaintiff's counsel at the conclusion of the default hearing. Following our review of the record, we reverse and remand the judgment because the trial judge did not make adequate findings of fact and conclusions of law on the relief sought.

We derive the following facts from the record. The parties were married July 9, 2000. Three children were born of the marriage who were minors. Plaintiff filed a complaint for divorce on April 30, 2015. The parties had few assets, save for the marital residence, which was in foreclosure, two automobiles and modest retirement accounts in each party's name.

Plaintiff and her counsel appeared for a default hearing on January 21, 2016. Defendant did not appear. The issues at the default hearing were outlined in plaintiff's notice of proposed final judgment of divorce filed pursuant to Rule 5:5-10. Specifically, plaintiff sought sole legal and residential custody of the children and half of any marital assets. Further, she requested defendant pay: open durational alimony, the cost of the

children's medical insurance, his share of unreimbursed medical, extracurricular activity and college costs, all joint credit card debt, her counsel fees, and premiums on life insurance.

Only three documents were admitted into evidence, namely, foreclosure correspondence associated with the marital residence, one paystub belonging to plaintiff, and documents plaintiff subpoenaed from defendant's employer regarding his earnings. Plaintiff's case information statement (CIS) was not formally marked and moved into evidence, but was referenced by the judge because it had been previously filed with the court.

Plaintiff's testimony was limited. After addressing the cause of action for divorce, her testimony supporting her custody request was scant. Plaintiff answered leading questions from her attorney regarding whether she desired sole legal and physical custody of the parties' children with a simple "yes." Plaintiff's counsel then asked plaintiff whether she believed she should be the sole decision maker for the children's health and education and again plaintiff's answer was "yes." No other testimony regarding custody or parenting time was provided and no other evidence to support the reasons for seeking sole legal and physical custody of the children was in evidence for the judge to consider.

Plaintiff's testimony regarding alimony was equally minimal. She requested alimony of an "indeterminate term," which the trial

judge interpreted as a request for open durational alimony. She explained the marriage lasted fifteen and one-half years. And testified the documents subpoenaed from defendant's employer revealed his income was $175,000 per year. Plaintiff described her level of education, income, and stated she received no benefits from her employment. When asked whether the marital lifestyle was comfortable, plaintiff's answer was simply "yes." She testified the parties had been separated for five years and defendant had not supported her, causing her to rely upon her family and incur debt. Plaintiff explained her credit had been adversely affected by the foreclosure and she intended to rent a three-bedroom residence for herself and the children.

Plaintiff's CIS reported $6,065 per month in expenses for herself and the children; however, based on her limited net monthly earned income, she suffered a monthly shortfall of $4,412. Plaintiff testified this budget did not meet the marital standard of living enjoyed during the marriage. Also, she anticipated incurring counseling expenses for one child, to address issues surrounding the divorce.

Next, by answering little more than "yes" to leading questions by her counsel, plaintiff asked the trial judge to compel defendant to provide health insurance for the children, pay child support, pay one-half of the extracurricular expenses for the children,

provide life insurance for alimony and child support, contribute to college for the children, and pay all of the joint debt. Plaintiff testified that she incurred $15,000 in counsel fees, which she requested defendant pay. Lastly, regarding equitable distribution, plaintiff's testimony was simply there were no assets.

From this record, the trial judge referenced the notice of proposed judgment, which mirrored plaintiff's limited testimony. Regarding custody the trial judge said:

> I've heard the testimony of the plaintiff about the notice of final judgment, I've had the opportunity to review the notice while she was testifying and I have received some exhibits. Based on all of that, I'm going to order that the sole physical and legal custody of the children be granted to the plaintiff.

Regarding alimony, the trial judge found:

> I'm going to order that, as to support issues, first alimony, this is a 15 and a half year marriage. And there are particular problems. [Defendant] has not paid an awful lot of things. There are problems . . . all of which are going to require a significant amount of funds. And probably funds for quite some time. I, therefore, will order, as requested, that the alimony be what we call open durational alimony. And it be in the sum of $4,400 per month, payable each and every month, and that will be through the Passaic County Probation Department, and it will be by wage garnishment.

In a summary fashion, the trial judge adopted the child support guidelines proffered by plaintiff, ordered defendant to maintain health insurance for the children and contribute to their unreimbursed medical expenses and extracurricular activities, and required defendant to obtain $250,000 in life insurance to secure his child support and alimony obligations. The judge declined to address college contribution because of the children's young ages, but then stated "the law is clear that the parties will contribute to the college costs in proportion to their income and assets at that time," adjudicating the issue.

Regarding equitable distribution, the judge only said:

> Equitable distribution, the house is in foreclosure, so there's not going to be anything there to distribute. But, there are some debts to distribute. Credit card debts. And I will order that the defendant pay . . . any credit card debt that's in the joint names, or incurred by the plaintiff in her sole name, or his debts that were incurred [in] his name during the time of this marriage.

On appeal, defendant seeks to vacate the judgment of divorce, which he asserts is not supported. Generally, under our standard of review:

> findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. . . . [A]n appellate court should not disturb the factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so

> manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.
>
> [Cesare v. Cesare, 154 N.J. 394 (1998) at 411-412 (citations omitted).]

"On the other hand, where our review addresses questions of law, a trial judge's findings are not entitled to that same degree of deference if they are based upon a misunderstanding of the applicable legal principles." N.T.B. v. D.D.B., 442 N.J. Super. 205, 215 (App. Div. 2015). The appropriate standard of review for conclusions of law is de novo. See S.D. v. M.J.R., 415 N.J. Super. 417, 430 (App. Div. 2010) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Rule 1:7-4(a) states:

> The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right, and also as required by R. 3:29. The court shall thereupon enter or direct the entry of the appropriate judgment.

Specific to the issues raised in this matrimonial matter, our Supreme Court has stated "[w]hen analyzing whether [open durational] alimony is appropriate, the trial court is required to make findings of fact and to state specific reasons in support of its conclusion." See Gnall v. Gnall, 222 N.J. 414, 428 (2015).

Failure to make explicit findings and clear statements of reasoning "'constitutes a disservice to the litigants, the attorneys, and the appellate court.'" Ibid. The court is required to "state clearly its factual findings and correlate them with the relevant legal conclusions." Ibid. "An alimony award that lacks consideration of the factors set forth in [the statute] is inadequate." Crews v. Crews, 164 N.J. 11, 26 (2000). N.J.S.A. 2A:34-23(b) requires the trial court to consider fourteen factors in making an award of alimony, specifically stating "[i]n each case where the court is asked to make an award of alimony, the court shall consider and assess evidence with respect to all relevant statutory factors." N.J.S.A. 2A:34-23(b).

N.J.S.A. 9:2-4(c) enumerates thirteen factors for consideration of the best interests of the children in awarding custody and parenting time. A custody determination, even in the context of a default proceeding, requires special care to assure the best interests of the children. This is because "[a] judgment, whether reached by consent or adjudication, embodies a best interests determination." Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993).

This is especially so when a court awards a parent sole legal and physical custody. Similarly, N.J.S.A. 9:2-4 states: "[t]he Legislature finds and declares that it is in the public policy of

this State to assure minor children of frequent and continuing contact with both parents after the parents have separated." See also Beck v. Beck, 86 N.J. 480, 494 (1981) and Terry v. Terry, 270 N.J. Super. 105, 119 (App. Div. 1994). See also Pascale v. Pascale, 140 N.J. 583, 597 (1995). Therefore, an award of sole legal and residential custody, while permissible, is a departure from the legislative intent that must be explained in a trial court's findings.

Similarly, an award of equitable distribution pursuant to N.J.S.A. 2A:34-23.1 requires consideration of sixteen factors under the statute and an award of counsel fees requires consideration of the nine factors set forth in Rule 5:3-5(c).

We reverse the January 21, 2016 judgment because the trial judge made virtually no findings and did not apply the law as a part of his decision making process. Additionally, where the trial judge did make findings, they were either inconsistent with judgment or in error.

For instance, the judgment signed by the judge requires defendant to procure $250,000 of life insurance coverage to insure his child support obligation and $250,000 of coverage for his alimony obligation. Yet, the judge's findings were: "I will order that the defendant secure and maintain $250,000 of life insurance. That's not a lot of insurance when it [has] to insure four people,

being the plaintiff and the three children." Similarly, the judgment awards counsel fees of $15,000 to the plaintiff pursuant to N.J.S.A. 2C:25-29(b)(4), which is a mechanism for the award of counsel fees to a successful plaintiff in a domestic violence action, not this divorce matter.

We recognize the judgment was borne of a default hearing in which defendant did not appear or participate and where plaintiff did not provide copious amounts of information. But even in a default proceeding, plaintiff must provide the court with sufficient evidence to meet her burden of proof by a preponderance of the evidence and the court's obligation is to make adequate findings. Rule 1:7-4(a) does not exempt a trial court from making findings where a party is in default.

Although the record is unclear how defendant defaulted, his failure to participate in the proceedings, whether deliberate or not, may have contributed to the paucity of information provided to the trial court in the hearing. However, plaintiff bears the burden to adduce the necessary proofs for the hearing. Regardless, this record is insufficient to determine how the trial court arrived at its decision on the issues before it, save for its findings regarding the cause of action and defendant's income.

For these reasons, the judgment is reversed and the matter remanded for a new hearing. We do not reach the balance of

10

defendant's claims as they are without sufficient merit to warrant discussion in a written opinion.  Rule 2:11-3(e)(i)(E).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION